A05A0482. GEORGIA FORESTRY COMMISSION v. CANADY.
(637 SE2d 212)

ELLINGTON, Judge.

We affirmed in part and reversed in part the trial court's order denying the Georgia Forestry Commission's motion for summary judgment in Tray Canady's personal injury action. *Ga. Forestry Comm. v. Canady*, 274 Ga. App. 556 (617 SE2d 569) (2005). In Division 3, we concluded that

> Canady's claim regarding the Commission's allegedly deficient notice to other governmental entities of a visibility hazard did not fall within the fire protection exception to the general waiver of sovereign immunity, OCGA § 50-21-24 (6). Because the Commission was not entitled to judgment as a matter of law on the basis of the fire protection exception to the waiver of sovereign immunity, we affirm the trial court's ruling in this regard.

Id. at 562 (3). The Supreme Court of Georgia granted the Commission's petition for writ of certiorari, Case No. S05G2002, to consider

> [w]hether the Georgia Forestry Commission's decision to notify or not to notify other governmental agencies regarding potential smoke hazards resulting from a permitted "controlled burn" fire constitutes a "failure to provide . . . or [a] method or providing . . . fire protection" for which the Georgia Forestry Commission is entitled to sovereign immunity? See OCGA § 50-21-24 (6).

Upon consideration, the Supreme Court

> construe[d] the exception to the waiver of sovereign immunity found in OCGA § 50-21-24 (6) as authorizing the application of sovereign immunity to the making of policy decisions by state employees and officers including those relating to the amount, disbursement, and use of equipment and personnel to provide law enforcement, police or fire protection services, and to the acts and omissions of state employees and officers executing and implementing those policies.

*Ga. Forestry Comm. v. Canady*, 280 Ga. 825, 830 (632 SE2d 105) (2006). "Inasmuch as [its] rationale is at odds with [ours]," the Supreme Court vacated that portion of our judgment and directed us to remand this case "to the trial court with direction that the trial court proceed in a manner consistent with [the Supreme Court's] opinion." Id. Accordingly, our judgment is vacated in part, and the judgment of the Supreme Court is made the judgment of this Court. This case is remanded to the trial court with direction that the trial court proceed in a manner consistent with the Supreme Court's opinion.

*Judgment vacated in part and case remanded. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 8, 2006.

*Thurbert E. Baker, Attorney General, Hall, Booth, Smith & Slover, Mark W. Wortham, Freeman, Mathis & Gary, Matthew P. Stone, Sun S. Choy, Harris & Bunch, Frank P. Harris, Crim & Bassler, Joseph M. Murphey*, for appellant.

*Jones, Osteen, Jones & Arnold, Billy N. Jones, G. Brinson Williams, Jr.*, for appellee.